UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-61383-CIV-BLOOM/Valle

EVAGELIA JANE GLARENTZOS,

    Appellant,

vs.

SHERIDAN FUNDING, LLC,

    Appellee.
_____/

## ORDER DENYING MOTION TO STAY

**THIS CAUSE** has come before the Court on an appeal from the Bankruptcy Court and the Debtor/Appellant's Renewed Motion for Stay Pending Appeal ECF No. [11]. Since both the appeal and the motion have been fully briefed, this order will address both.

Appellant owns real property in Dania Beach on which she had operated a gas station. Since February 1, 2011, she has been in default on a commercial mortgage on the property by not making mortgage payments and by not paying real estate taxes (since 2009). The original lender obtained a state court judgment of foreclosure in the amount of $1,040,802.91.[1]

A foreclosure sale was scheduled for August 2013, but Appellant filed a Chapter 11 bankruptcy petition in July 2013, thereby triggering an "automatic stay" under 11 U.S.C. § 362(a). The secured creditor promptly moved for relief from the stay. The motion for relief from stay was first heard on August 30, 2013. At that time Appellant asked for a continuance in order to pursue a potential offer to purchase the property. The court granted a 30-day

---

[1] The original creditor assigned its secured claim and judgment rights to the current secured creditor/appellee, Sheridan Funding, LLC.

1

continuance and ordered Appellant to make interim adequate protection payments of $5,500.00 monthly, to cover the interest on the judgment and the accruing *ad valorem* real estate taxes.

Not only did the potential sale not go through, but shortly after the first hearing Appellant closed the gas station for business. After several other continuances, the Motion for Relief from Automatic Stay was finally heard on January 21, 2014. Even then, Appellant's counsel requested additional time; the court granted the motion lifting the stay but extended the effective date for 30 days to allow Appellant yet another opportunity to secure financing and implement her business plan. Again, no sale went through, but in support of her motion for reconsideration, Appellant reported that she re-opened for business in March, 2014. Appellant has, since August, 2013, made the monthly interest/tax payments. Now, with the foreclosure sale looming (scheduled for July 30, 2014), Appellants seeks to reverse the bankruptcy court's order lifting the stay and asks for a stay pending appeal.

## THE BANKRUPTCY COURT'S FINDINGS

Relief from an automatic stay is governed by 11 U.S.C. § 362(d):

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
    (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
    (2) with respect to a stay of an action against property under subsection (a) of this section, if –
        (A) the debtor does not have an equity in such property; and
        (B) such property is not necessary to an effective reorganization.

The bankruptcy court held an evidentiary hearing on January 21, 2014, and on March 4, 2014, issued an order granting relief from the automatic stay for three reasons:

1. Glarentzos' failure to pay real estate taxes on the property from 2009 through 2013 puts the secured creditor's interest in the property at risk. 11 U.S.C. § 362(d)(1). The secured lender paid the taxes for 2009-2011, but the 2012 and 2013 taxes remain unpaid. A tax certificate has been issued for 2012 and Glarentzos has no apparent ability to pay the back taxes. If the foreclosure sale does not go through, the secured creditor runs the risk of having its interest wiped out through a governmental tax deed auction.

2. The operation of a gas station on the foreclosed property is a non-conforming use under the City of Dania Beach's zoning laws; it has been grandfathered in. Glarentzos already ceased operating as a gas station once and has no viable plan for profitability in the future. Therefore, there is a risk that a subsequent purchaser of the property will be precluded from operating a gas station there, thus adversely impacting the value of the secured creditor's collateral. 11 U.S.C. § 362(d)(1).

3. Glarentzos lacks equity in the property and the property is not necessary for an effective reorganization. 11 U.S.C. § 362(d)(2). After hearing evidence from both sides, the bankruptcy court found that Glarentzos lacked both equity in the property and a definitive, financed plan to operate the business profitably in the future.

Appellant moved for reconsideration on March 27, 2014, arguing that she had resumed operations thus protecting the grandfathered zoning and, by extension, the secured creditor. The bankruptcy court denied that motion as well, again citing the fact that Glarentzos had not

introduced any new evidence that would contradict the court's prior findings that she had no sustainable plan to restore profitability.

"A decision to lift the stay is discretionary with the bankruptcy judge, and may be reversed only upon a showing of abuse of discretion." *In re Dixie Broadcasting, Inc.*, 871 F.2d 1023, 1026 (11th Cir.), *cert. denied*, *Dixie Broadcasting, Inc. v. Radio WBHP, Inc.* 493 U.S. 853 (1989).  In applying an abuse of discretion standard, the decision under review must be affirmed unless the judge below "has made a clear error of judgment, or has applied the wrong legal standard." *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004).   Furthermore, the court's factual findings are reviewed under a clearly erroneous standard. *General Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1494 (11th Cir. 1997).  Appellant does not challenge the legal standard used by the bankruptcy court, but claims that the Bankruptcy Court made errors of fact and judgment.   The record doesn't support either contention.

The Bankruptcy Court found that cause for relief from the stay existed because the Glarentzos' gas station operation had a history of being unprofitable and she presented no evidence of a plan for future profitability.  This finding is not clearly erroneous.  Both of those facts contributed to the problem of the unpaid real estate taxes and the potential loss of zoning.  Glarentzos argues that she can extend payment of the unpaid taxes for five years under a plan of reorganization.  This, however, assumes a realistic, effective reorganization, which is not supported by the evidence.  Glarentzos' lack of equity in the property and unlikely future profitability made lifting the stay appropriate.

The Bankruptcy Court's determination that Glarentzos lacked equity in the property is not clearly erroneous.  Both Glarentzos and Sheridan Funding presented expert testimony on the value of the property.  Both witnesses testified that the property was at the end of its useful life

4

(it had been operated as a gas station since 1965 with no major improvements or renovations). Glarentzos' expert, Lawrence R. Pendleton, testified that to be profitable as a gas station, the property needed to be redeveloped and re-branded, which would not be permitted under the current zoning.

Sheridan Funding's expert testified the property value, as is, was $860,000.00, based on other sales. Glarentzos' expert testified that the property value, as is, was $1,225,000.00. Both experts noted that they did not do any environmental impact studies and the estimated values were based on an assumption that the property is not affected by any environmental concerns or the presence of any hazardous substances. Both witnesses testified that the existence of environmental issues would negatively affect the value of the property.

After reviewing the evidence and hearing the testimony, the Bankruptcy Court determined that the value of the property was $1,015,000.00. Appellant argues that the court simply arrived at a "compromise" value that stripped her of equity. The Bankruptcy Court is given broad discretion to analyze the evidence and reach a conclusion about value. *In re Brown,* 289 B.R. 235, 238 (Bankr. M.D. Fla. 2003). Even without identifying an exact number, the court's conclusion that the property's value was below the $1,040,802.91 judgment is not clearly erroneous. In fact, Glarentzos' own bankruptcy schedule, filed in July 2013, valued the property at $574,170.00.

The court also correctly found that the property is not necessary to an effective reorganization. Glarentzos, understandably, argues that the property is necessary because without the property she cannot operate her business. Though this is true, it is not the end of the issue. The reorganization must also be *effective,* meaning there "must be a plan with a reasonable prospect of success within a reasonable time." *In re Captain's Watch*, 447 B.R. 903,

908 (S.D. Ga. 2010). The property is unprofitable in its current condition. There is no cash or legal ability to remodel the property, no buyers have materialized and real estate taxes for 2012 and 2013 remain unpaid. "The mere fact that the property is indispensable to the Debtor's survival is insufficient." *In re Bellina's Restaurants II, Inc.*, 52 B.R. 509, 512 (Bnkr. S.D. Fla. 1985).

In sum, the Bankruptcy Court did not abuse its discretion or commit clear error in finding that relief from the stay was appropriate under both 11 U.S.C. § 362(d)(1) and 362(d)(2).

## **STAY PENDING APPEAL**

In considering a motion for stay pending appeal, the court must analyze "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *United States v. U.S. Fishing Vessel Maylin,* 130 F.R.D. 684, 686 (S.D. Fla. 1990) (citing *Hilton v. Braunskill*, 481 U.S. 770, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987)).

### **LIKELIHOOD OF SUCCESS ON THE MERITS**

In light of the above discussion, Appellant's likelihood of success on the merits is slim.

### **IRREPARABLE INJURY**

Appellant argues that she will suffer irreparable harm without a stay because if the sale goes through she will lose all right, title and interest to the property. She will also effectively lose her right to appeal to the Eleventh Circuit. These are not bases for finding irreparable harm.

"As this court has found no equity in the property and no likelihood that a confirmable plan will be presented, debtor has nothing to lose." In re Kent, 145 B.R. 843, 844 (Bankr. E.D. Va. 1991).

### HARM TO OTHER PARTIES INTERESTED IN THE PROCEEDINGS

Appellant argues that a stay will simply preserve the status quo and therefore the secured creditor will not be harmed. This ignores the fact that the Bankruptcy Court correctly found that her lack of equity in the property and the unlikelihood of an effective reorganization contributes to a lack of adequate protection of the secured creditor.

### THE PUBLIC INTEREST

Appellant's sole argument on the public interest in a stay is that the unpaid taxes can be paid over time through a plan of reorganization. As discussed at length, there is no reasonable plan of reorganization. On the other hand, the property in question is near or has reached the end of its useful life. The secured creditor has not been paid. The public interest is best served by removing the property from the bankruptcy court so that the unpaid taxes can be paid and the property rehabilitated and put to its highest and best use.

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED AS FOLLOWS:**

1. The Renewed Motion ECF No. [11] for Stay Pending Appeal is hereby **DENIED.**

2. The Bankruptcy Court's Order Granting Motion for Relief from Automatic Stay and Order Denying Motion to Reconsider are **AFFIRMED.**

3. All matters before this Court having been resolved and the Clerk of the Court is

requested to **CLOSE THIS CASE.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida this 25th day of July, 2014.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record